## Doyle, Appellant, *v.* Pittsburg Waste Company (No. 1).

*Negligence—Master and servant—Duty to instruct—Dangerous employment—Young persons.*

An employee has the right to suppose that his employer has provided such guards and means of protection from injury, in the use of the machinery, tools and appliances, as are usual and reasonably necessary for his safety; and he cannot be held to assume the risks attendant on their absence, unless such absence is apparent, or his attention has been called to it. If the business is one with which he is not familiar, he has a right to expect that its dangers will be pointed out to him, and that he will be instructed in those things necessary for him to know in order to guard his own safety. He cannot be held to assume the risk of dangers of the existence of which he has no knowledge. In the case of young persons, it is the duty of the employer to take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they should not be exposed.

In an action by a boy sixteen years and four months old to recover damages for personal injuries sustained while at work on a rag cutting machine in defendant's factory, the evidence for the plaintiff tended to show that when the boy was placed at the machine four hours before the accident, he was instructed to keep the rags straight on the belt of the machine, to watch for fire, to put out fire if it occurred, and to start the machine again. He received no instruction as to the manner of cleaning waste from the fan of the machine, nor as to the proper way of stopping the motion of a revolving cylinder connected with the machine. Plaintiff attempted to clean the fan, and his hand was caught in the revolving cylinder, and badly injured. It was conceded that the machine was a dangerous one. *Held,* that the question whether plaintiff's employment required him to clean the fan, and if so whether the manner in which he attempted to do it was so clearly dangerous as to convict him of negligence, was for the jury.

Argued Nov. 5, 1902. Appeal, No. 69, Oct. T., 1902, by plaintiff, from order of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 507, refusing to take off nonsuit in case of William T. Doyle, a Minor, by his Next Friend, Walter Sullivan, v. Pittsburg Waste Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before EVANS, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellant.—The case was for the jury : Tagg v. McGeorge, 155 Pa. 368 ; Rummel v. Dilworth, 131 Pa. 509 ; Lee v. Woolsey, 109 Pa. 124 ; Kehler v. Schwenk, 151 Pa. 505 ; Smith v. Hillside Coal & Iron Company, 186 Pa. 28.

*Clarence Burleigh*, for appellee, cited : Kehler v. Schwenk, 151 Pa. 505 ; O'Keefe v. Thorn, 24 W. N. C. 379 ; Wojciechowski v. Spreckels' Sugar Refining Co., 177 Pa. 57 ; Melchert v. Smith Brewing Co., 140 Pa. 448.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903 :

William T. Doyle, the plaintiff, a minor of the age of sixteen years and four months, was engaged by the defendant company to work on a bailing machine in the yard of its manufactory in the city of Pittsburg. After he had been thus employed for a week he was put to work by the foreman on a rag cutting machine in the manufactory. He had worked at this employment four hours when in attempting to clean the fan, a part of the machine, his hand was caught in the revolving cylinder and so badly injuried that the amputation of his arm became necessary. It is claimed that the machine was dangerous and that the plaintiff's injuries resulted from the negligence of the defendant company in not giving him adequate instructions as to the mode of operating the machine.

The learned trial judge granted a nonsuit on the ground that the plaintiff was guilty of negligence which barred a recovery. In his opinion refusing to take off the nonsuit, he says : "The cylinder was in full view and revolving when he started to clean out the waste, and although he had only been working at the machine about four hours, he knew the danger to him of any part of his person coming in contact with the revolving cylinder as though he had been an adult or the danger fully explained to him. For four hours he had seen the cylinder grinding the rags which he was feeding it, and of course he knew its danger." In addition to the defense of contributory negligence, the learned counsel for the defendant company alleges that "when he (the plaintiff) attempted to clean the

fan, he was simply a volunteer, working not only outside the scope of his employment, but in reality violating his orders." The position of the defendant company is that Doyle was properly instructed in regard to the work he was employed to perform and that he was injured by his negligent conduct in the performance of work outside of his employment and in violation of his instructions.

The dangerous character of the machine and the consequent necessity for instructing the employees engaged in operating it seem to be conceded. Doyle and at least one other person, previously employed in operating the machine, were instructed as to their duties and how to perform them. The issue therefore raises the question whether Doyle's employment required him to clean the fan, and if so, whether the manner in which he attempted to do so was so clearly dangerous as to convict him of negligence.

We think both of these questions were for the jury. On this appeal the testimony as introduced by the plaintiff must be regarded as true. The only instructions given Doyle, as appears by his own testimony, are the following: "When I was put on that machine to work, the instructions that was given me was to keep the rags straight on this belt, and there is a place around in here to put oil in, and to watch for fire; and if it would catch fire, put the water in and put the fire out, and start the machine and just go to work again." It thus appears that he was not instructed as to the manner of cleaning the waste from the fan, nor as to the proper way of stopping the motion of the revolving cylinder. The waste frequently caught fire in passing through the machine, and after the fire was extinguished it was necessary to remove the burnt waste that had accumulated in the fan before the machine could be started again. The man who operated the machine removed the waste. A former employee engaged on the machine did this with a small hook which he used for the purpose and while the cylinder was not revolving. Prior to this employment Doyle had not worked on a cutting machine and was ignorant of the manner of operating it.

While Doyle was running the machine, the waste took fire, and pursuant to his instructions he threw water into the machine and extinguished the fire. He then threw off the small

belt and stopped the fan, which he attempted to clean while the cylinder was in motion. His hand slipped and was caught in the teeth of the cylinder, injuring it very severely. It is contended on the part of the plaintiff that his instructions necessarily implied that he should remove the waste. It was his duty to put out the fire and the testimony shows that the waste had to be removed before the machine was started again. Doyle's instructions, while not directing him to do so, did not inform him who would clean the fan and as he was required to put the machine again in motion it was impliedly his duty, the plaintiff claims, to remove the waste after the fire. It is contended the facts disclosed by the testimony in the case convict the defendant company of negligence for which it is liable in this action.

If Doyle's employment included the cleaning of the fan and it involved a hazardous risk not reasonably incident thereto and requiring instruction to the employee to perform it in safety to himself, the failure to give the employee the necessary adequate instructions to enable him to safely perform the service would be negligence on the part of the defendant company. In Rummel v. Dilworth, 131 Pa. 509, the injured boy was of the age of seventeen years. In that case speaking of the duty of the employer and the risks assumed by the employee, Mr. Justice WILLIAMS says: " He (employee) has the right to suppose that his employer has provided such guards and means of protection from injury, in the use of the machinery, tools and appliances, as are usual and reasonably necessary for his safety; and he cannot be held to assume the risks attendant on their absence, unless such absence is apparent, or his attention has been called to it. If the business is one with which he is not familiar, he has a right to expect that its dangers will be pointed out to him, and that he will be instructed in those things necessary for him to know in order to his own safety. He cannot be held to assume the risk of dangers of the existence of which he has no knowledge. In the case of young persons, it is the duty of the employer to take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they should not be exposed." In Grizzle v. Frost, 3 Fost. & Finl. 622, the injured person was sixteen years old and the revolving rollers, the

cause of the injury, and the manner in which they were worked, were visible. Chief Justice COCKBURN, delivering the opinion, says : " If the owners of dangerous machinery, by their foreman, employ a young person about it, quite inexperienced in its use, either without proper directions as to its use, or with directions which are improper, and which are likely to lead to danger, of which the young person is not aware, as it is their duty to take unusual care to avert such danger, they are responsible for any injury which may ensue from the use of such machinery."

In support of the contention that Doyle was guilty of negligence, it is claimed that the danger in attempting to clean the fan with his hand was obvious to any person with ordinary intelligence and that therefore he knew he would be injured when he inserted his hand in the machine. If the danger was obvious and apparent and Doyle had the capacity to comprehend and appreciate it, it would be negligence in him to assume the risk. The mere fact that he was a minor would not, under these circumstances, relieve him from the duty of protecting himself by the exercise of care. But whether the facts necessary to charge him with negligence exist and whether with a due appreciation of those facts he acted in defiance of them cannot be determined by the court as a matter of law, but are questions for the consideration of the jury. It may be observed in this connection that conceding Doyle knew he would be injured by the contact of his hand with the cylinder, it does not necessarily follow that he knew his hand would come in contact with the cylinder when he attempted to remove the waste from the fan. The nonsuit was granted, as we understand from the language of the learned trial judge, because Doyle knew that contact with the revolving cylinder was dangerous, and not because he also knew that in attempting to remove the waste his hand would necessarily be cut by the cylinder. A knowledge or reasonable belief of the latter fact would be necessary to convict him of negligence.

Under the testimony submitted by the plaintiff we think the case was for the jury and the nonsuit was therefore improperly granted.

The assignment of error is sustained and the judgment is reversed with a procedendo.