## Sweigert *v.* Klingensmith, Appellant.

210    565
225   ¹388

*Negligence—Master and servant—Proper appliances—Instructions as to work—Question for jury.*

The duty of an employer is to provide an employee a safe place in which to work and to furnish him with suitable appliances and, if inexperienced, to make known to him any danger peculiar to their use.

In an action by an employee against his employer, the owner of a gristmill, to recover damages for personal injuries sustained by the plaintiff while throwing off a belt from a pulley by means of a stick, the case is for the jury where the evidence for the defendant tends to show that in gristmills of the character owned by the defendant, the method of removing belts from pulleys was by the use of a stick, while the evidence for the plaintiff tended to show that the general usage was to have a shifter to throw the belt off the pulley, and to have guards between moving belts.

In such a case where the employer tells the plaintiff to follow the orders of the head miller, and the latter directs the plaintiff to throw off the belt with a stick, but gives him no instructions as to how to do it, and it appears from plaintiff's testimony that plaintiff had no experience in running machinery, the case is for the jury on the question of instructions.

Argued Oct. 11, 1904. Appeal, No. 83, Oct. T., 1904, by defendant, from judgment of C. P. Armstrong Co., March Term, 1903, No. 190, on verdict for plaintiff in case of Harry E. Sweigert v. Samuel Klingensmith et al, trading as J. Klingensmith Mills. Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTON, P. J.

The facts appear by the opinion of the Supreme Court and by the charge of the court below which was in part as follows :

That is the question for this jury to pass upon. Did Samuel Klingensmith furnish to Harry Sweigert such appliances and machinery to work with as were in ordinary use in this vicinity in mills of the character in which he worked ? If he did, then the plaintiff cannot recover.

[On the part of the plaintiff it is alleged that Mr. Klingensmith did not do that. He says that Mr. Klingensmith was negligent in this, that in ordinary mills a guard is erected be-

tween the buckwheat shucker belt and the cornmeal bolt belt, that that is the ordinary appliance used in such mills, and that none was used in this mill.  He also says that in ordinary mills a shifter is used to throw these belts off the pulley and not a stick, as was used in the Klingensmith mill.  He also complains that this ladder, which he had to stand upon, was broken and was tied together with rope and that it was not a suitable appliance for such work in such a mill.  How is that, gentlemen ?  Did Mr. Klingensmith provide and use the ordinary safety appliances that are used in mills of ordinary character ?]  [3]

[In regard to that, the first witness called was J. R. Young. His testimony in regard to that was rather unsatisfactory, as he concluded by saying that he saw more mills without these appliances than with them.  The next witness was H. L. Pond, who stated that he had experience for thirty-four years, erecting mills all over the country, and that the way the Klingensmith mill was set up was not the safe way to set up machinery, as shown by the model, and he explained to you that there should have been a guard there between those two belts, or some appliance to keep the upper belt from falling down on the lower belt, and he says that there should be a shifter there to throw the belt, and he says that that is the way ordinary mills are built.  D. H. Boarts, who is a miller here in Kittanning, testified that he had about twenty-five. years' experience, and that the usual method in setting up such machinery was to put guards between the belts.]  [4]

[That is substantially the testimony on part of the plaintiff. If you believe that the ordinary method of setting up this kind of machinery, in this class of mills, is by having safety appliances, and that they should have a guard between those belts and should have a shifter to throw the belt, and that this was not done or used in the Klingensmith mill, then the defendant is bound to respond in damages, because, as we have instructed you, it was the defendant's duty to furnish its workmen with ordinary ·safe appliances, not the best safety appliances nor the best machinery, but just such as is generally used in ordinary mills of a like character.]  [5]

[Now, gentlemen, there is a serious discrepancy or contradiction in the evidence of these witnesses on the part of the

plaintiff, and on the part of the defendant.  You will have to reconcile that as best you can.

In regard to the step ladder, which Mr. Sweigert said was broken and tied with a rope, Charles Klingensmith and Samuel Klingensmith and Mr. Hepler and Mr. Hays are called, and they say that there were ropes on the ladder, but that the ropes were not used to tie the ladder up, but to keep it from spreading apart, and that the use of the ropes was a safety and not a dangerous appliance on that ladder, and they also testify that the step ladder in no way contributed to the injury.  If that is true, if the step ladder did not contribute to the injury, then it is not material in this case.]  [6]

[So you have one set of witnesses who testify that in the ordinary mills of this character the method of removing the belts from the pulleys is by the use of a stick.  If that is correct, then the plaintiff is not entitled to recover.  If you find the contrary to be true, and that in ordinary mills the general usage is to have a shifter to throw the belt off the pulley, and to have guards between moving belts, then the plaintiff is entitled to recover, because it was the duty of the defendant to furnish the plaintiff with the ordinary safe appliances.]  [7]

[There is another principle, gentlemen, upon which the plaintiff expects to recover, and that is this: The law says that if an inexperienced person is put in charge of dangerous machinery, it is the duty of the employer to give him proper instructions in regard to running it.  That suggests the first inquiry in this case: was Harry E. Sweigert, the plaintiff, an inexperienced person?  If you find that he was an experienced person then this principle does not apply.  Mr. Sweigert admits that he had worked about this mill a number of years, but he says it was as a common laborer.  He says he had no knowledge of this machinery, and that he never threw off that pulley but once, that he had no knowledge or experience in regard to that.  Then comes the next question, was that machinery dangerous?]  [8]

[That testimony is contradicted.  The defendant's witnesses swear that Mr. Sweigert was an experienced man, while Mr. Sweigert himself swears that he was not.  That is a question for you to determine.  If you believe he was an experienced man then this principle does not apply, but if you believe he

was not an experienced man, it was the duty of the defendant, before it required him to throw that belt off the pulley, to have instructed him as to the duties of his employment. So far as the court recalls the testimony, but we say the testimony is entirely for the jury, he was not instructed how to throw the belt off the pulley, except that Mr. Sweigert says Mr. Hepler held the step ladder for him and directed him where to go, and to pull the pulley towards him. Mr. Hepler denies that, and says that he did not instruct Mr. Sweigert how to pull the pulley.] [9]

[There is another principle involved, even if that is true, Mr. Sweigert had no right to go into a place of obvious danger. If the instrumentality by which he is required to perform the service is so obviously and immediately dangerous, that a man of common prudence would refuse to use it, the master cannot be held liable for the resulting damages. In such case the law adjudges the servant guilty of concurrent negligence and will refuse to give him that aid which otherwise he would be entitled to.] [10]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

· *Errors assigned* among others were (3–10) above instructions, quoting them.

*M. F. Leason*, with him *Calvin Rayburn* and *S. H. McCain*, for appellants.—It was error for the court to submit to the jury the question of proper appliances, to wit : a protection or guard for the distant pulley, the condition of the step ladder and the length of the stick used : Shafer v. Lacock, 168 Pa. 497 ; Scott v. Allegheny Valley Ry. Co., 172 Pa. 646 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

The case before us was one which called for very careful guiding of the jury and a full explanation of the rights and responsibilities of the parties : Cooley v. Phila. Traction Co., 189 Pa. 563 ; Herrington v. Guernsey, 177 Pa. 175 ; Lerch v. Bard et al., 177 Pa. 197.

. *R. A. McCullough*, with him *H. A. Heilman*, for appellee.— In determining what is the proximate cause, the true rule is,

that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act : Hoag et al. v. L. S. & M. S. R. R. Co., 85 Pa. 293; West Mahanoy Township v. Watson, 116 Pa. 344.

These acts of alleged negligence, being the proximate cause of the injury and admitted to be in dispute, all the facts relative to them were properly left to the jury : Bunting v. Hogsett, 139 Pa. 363; West Mahanoy Twp. v. Watson, 112 Pa. 574.

It is the duty of an employer to provide his workmen with a safe place to work, suitable tools, machinery and appliances to work with and to see that any danger peculiar to their use is fully made known to them : Devlin v. Phoenix Iron Co., 182 Pa. 109; Doyle v. Pittsburg Waste Co., 204 Pa. 618.

It is the duty of an employer to instruct adult workmen of special risks of an employment, which are not obvious to men of their experience and which are or should be known to the employer: DeGrazia v. Piccardo, 15 Pa. Superior Ct. 107.

And an employer who commits this duty to another remains liable for its proper performance : Lebbering v. Struthers, 157 Pa. 312; Lee v. Electric Light, etc., 140 Pa. 618.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904 :

The failure of appellants to supply proper appliances with which to do the work and to give proper instructions to appellee, alleged to be inexperienced as to the use of machinery, were the grounds of negligence upon which appellee based his right to recover.   The accident occurred in appellants' gristmill and in its second story, in which were located a buckwheat shucker and a cornmeal bolt, run by a power shaft.   The former placed above the latter, was run by a pulley attached to the end of its shaft by a belt extending from that pulley, to another, on the power shaft.   These belts started side by side from the power shaft, but diverging, the buckwheat shucker belt ran horizontal while the cornmeal bolt belt ran somewhat beneath the shucker belt.   In throwing off this latter belt the accident resulting in the injury to appellee occurred.   In describing how it occurred, he testified that he got upon a step ladder, taking a stick about three feet in length and with it threw the

belt off the line shaft. That at the time the other end of the belt also came off the pulley there, and it fell upon the underlying belt which ran the cornmeal bolt; this latter belt running with great rapidity caught the falling one, threw it back upon the power shafting and winding around the hand and arm of appellee drove them against the shafting and broke his arm. The throwing off the belt in the manner indicated and its falling upon an exposed and rapidly moving belt lying beneath, caused the accident and necessarily in determining the question of negligence on the part of the appellant, the initial question was whether the appliances furnished, were such as were in ordinary use in mills such as that of appellants.

On the part of the appellee the proofs were that the appliances used ordinarily in such mills were shifters and guarded belts, and on the part of appellants that those used in this mill were such as were customary and ordinarily used. The question, therefore, was one of fact and for the jury to determine. The learned trial judge said:

" So you have one set of witnesses who testify that in the ordinary mills of this character, the method of removing the belts from the pulleys is by the use of a stick. If this is correct, then the plaintiff is not entitled to recover. If you find the contrary to be true, and that in ordinary mills, the general usage is to have a shifter to throw the belt off the pulley, and to have guards between moving belts, then the plaintiff is entitled to recover, because it was the duty of the defendant to furnish the plaintiff with the ordinary safe appliances."

These instructions are fully sustained by Ross v. Walker, 139 Pa. 42, and Ricks v. Flynn, 196 Pa. 263. The learned trial judge was not guilty of error in so submitting this question of fact to the jury nor was he so in that part of his charge which related to the instructions required by law to be given to appellee as he was inexperienced and needed instructions.

As to his inexperience his testimony shows that he had been employed by the appellants in their mill as a driver of a wagon for the delivery of goods, subsequently as a common laborer and later as an employee in packing flour, filling flour sacks and delivering flour and feed. These employments do not import knowledge of machinery or of its operation or information as to the danger incident to the use of machinery.

He testifies that he had no experience running machinery and had never run buckwheat burrs or a buckwheat shucker. If the danger of the work about the belts and machinery was not obvious, his inexperience thus shown, cast upon appellants the duty of giving him proper instructions. Such danger was not clearly obvious. It appears that one of his employers inquired why he had not thrown off the belt and he replied that he was going to get the head miller to come and see what was the matter with it and his employer's reply was that he did not think anything was the matter with it. He also told him that in case of difficulty to call upon the head miller who had charge of the general machinery and to do whatever he directed him to do. He sought the head miller and requested him to look at the buckwheat shucker belt and he directed him to throw it off. As the danger was not so obvious as to justify him in refusing to do the work in question, he was fully warranted in obeying the order, but in doing so he was entitled to proper instructions in view of the character of the appliances. His testimony shows that neither the member of the appellant firm who was in charge of the mill, or the head miller referred to gave him any instructions whatever and accordingly, standing upon a step ladder with a stick he threw the belt off and the result was the accident.

The learned trial judge left to the jury the determination of the questions of appellee's experience and the sufficiency of the instructions, in view of the character of the appliances used. These questions were peculiarly within the province of the jury. The duty of an employer is to provide an employee a safe place in which to work and to furnish him with suitable appliances and if inexperienced, to make known to him any danger peculiar to their use. This is well settled and needs no iteration of authority to establish it: Doyle v. Pittsburg Waste Company, 204 Pa. 618.

Appellee's injury was the probable and natural result of appellants' negligence. Its cause was a connected one and the chain establishing the proximate cause was unbroken.

The judgment is affirmed.