## Staddon v. Chapman Mineral Company, Appellant.

*Negligence—Master and servant—Instructions—Duty to instruct—Dangerous machinery—Contributory negligence.*

In an action by a boy eighteen years old to recover damages for personal injuries sustained while working at a dangerous machine, the question of the defendant's negligence, and of the plaintiff's contributory negligence, is properly left to the jury where there is evidence tending to prove that the plaintiff was inexperienced; that he did not have the benefit of any special instructions from his employer warning him of the danger of doing his work in the way be attempted to do it; that he did not from his own observation, or from other sources possess the knowledge that enabled him to appreciate the risk he ran; and that the danger of the method he adopted was not so obvious, that a prudent person of even his years and limited knowledge, although not specially instructed, would have recognized and avoided it.

Argued Nov. 20, 1906.   Appeal, No. 49, Oct. T., 1906, by defendant, from judgment of C. P. Chester Co., Aug. T., 1905, No. 92, on verdict for plaintiff in case of Wilmer G. Staddon, by his father and next friend, William Staddon, v. Chapman Mineral Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BUTLER, J.

Verdict and judgment for plaintiff for $1,500.   Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

476 STADDON v. CHAPMAN MINERAL CO., Appellant.

*Thomas W. Pierce*, for appellant, cited: Ford v. Anderson, 139 Pa. 261; Kehler v. Schwenk, 144 Pa. 348; Zurm v. Tetlow, 134 Pa. 213; Pittsburg & Connellsville R. R. Co. v. Sentmeyer, 92 Pa. 276; Rummell v. Dilworth, 111 Pa. 343; Naglee v. Allegheny Valley R. R. Co., 88 Pa. 35; Greenway v. Conroy, 160 Pa. 185; Lehigh, etc., Co. v. Hayes, 128 Pa. 294; Cunningham v. Bridge Works, 197 Pa. 625.

*W. S. Harris*, for appellee, cited: Doyle v. Pittsburg Waste Co., 204 Pa. 618; Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219; Tagg v. McGeorge, 155 Pa. 368; Kehler v. Schwenk, 151 Pa. 505; Welsh v. Butz, 202 Pa. 59; Noden v. Verlenden, 211 Pa. 135; Rummel v. Dilworth, 131 Pa. 509.

OPINION BY HEAD, J., April 15, 1907:

The single assignment of error exhibited by the record complains of the refusal of the court below to withdraw the case from the consideration of the jury and give binding instructions in favor of the defendant. In reviewing the correctness of the conclusion reached by the learned trial judge we have naught to do with any conflict in the testimony, nor is it for us to consider whether the story told by any witness is either probable or credible. Our province is to ascertain and determine (a) was there testimony produced by the plaintiff that, if believed by the jury, would support their verdict in his favor on the questions of fact submitted; (b) were the questions submitted material, that is to say, were they such that when found favorably to the plaintiff, the conclusion that the defendant had been negligent would legally follow; (c) should the court have declared as matter of law that plaintiff had been guilty of contributory negligence?

The plaintiff, a youth under the age of eighteen years who had been raised on a farm and was without practical experience in the operation or handling of dangerous machinery, went to work in the mill of the defendant in November, 1904. His employment required him to keep filled, from a pile of sand on the mill floor, a line of buckets that carried the sand some feet above the floor and dumped it on a stationary screen. The object was to have the clean sand pass through the screen to a

bin, whilst paper or other refuse would be carried off separately. Frequently, however, owing to the dampness of the sand or paper, or from other causes, the screen would become choked and it then became the duty of the plaintiff to go up to it and remove, by hand, the obstruction. The screen being near the north wall of the building, a ladder had been fastened to that wall by which the employee could climb to the necessary height, step on a plank running along the side of the screen and do his work without any danger of coming in contact with any moving machinery. This method had been frequently used by the plaintiff. In January, 1905, about a week before the accident hereinafter referred to, the defendant installed a new system of screening, substituting two revolving screens for the stationary one which was discarded. The power to operate these new screens was carried, by a sprocket wheel and endless chain, from the main shaft which passed along a little south of the screens and somewhat above them. The plaintiff was told that he would still be expected to keep the screens from clogging, but would not have to go up as often as formerly. He was given no instructions as to the manner in which he should do the work, nor was he warned of any danger that might now be incurred in accomplishing what he was expected to do. On this subject, William Llewellyn, in charge of that department, says: " Q. Did you ever think that anybody would be likely to approach those screens from that side? A. Well, I didn't think so. Q. And is that the reason you gave him no instructions? A. Well, I don't know that that is just the reason, but I didn't give him any instructions. I don't know what the reason was I didn't." ·

On January 24, 1905, the plaintiff, for the first time since the installation of the new screens, found it necessary to climb up to discover and remove some obstruction to their operation. Up to this time he had neither done this himself nor observed any other person doing it, and as already stated, he was without the benefit of any instruction on the subject. He first went up, by the ladder on the north wall, to the plank, as he had been accustomed to do, but declares that from that position he could neither see nor reach the place where the obstruction seemed to be. He then returned to the floor and concluded to go up at the other end of the screens close to the spot he desired to reach.

This would require him to stand, while doing his work, with his body between the revolving main shaft and the sprocket wheel already referred to. He testified he knew the shaft was revolving and that if his body or clothing came in contact with it there would be danger. He further states, however, he did not think he would touch the moving machinery as there was, in his judgment, room enough between the shaft and sprocket to permit him to do his work in safety. He found a step ladder near by and climbed to the point indicated when, almost immediately, his clothing was caught in the sprocket wheel, his body was carried around with the revolving machinery and he was rescued from his perilous position only after having sustained severe injuries.

We are not to be understood as indicating that the facts, as above stated, were undisputed—indeed, there was a sharp conflict in the testimony as to some of them—but there was evidence, clear and positive, tending to prove all of them and, as the case was submitted, we must regard them as established by the verdict.

These facts being established, did the law impose on the defendant the duty of instructing the plaintiff how he could safely do the work expected of him and of warning him of the danger he would incur if he undertook to do it in the mode he actually adopted?

The general rule that an employer is bound to instruct a young and inexperienced employee whose duty locates him in proximity to dangerous machinery has been so often declared that no citation of authorities should now be needed to support it. We content ourselves with quotations from but two of the many recent cases on the subject. In Kehler v. Schwenk, 151 Pa. 505, Mr. Justice Green says: "that in actions by young persons against their employers, we recognize as sources of liability, the inexperience of the servant, and the want of specific instruction as to the dangers of the service, and we suspend the rule that the servant assumes the risk of the service when he has not knowledge by experience, or by specific instruction." In Doyle v. Pittsburg Waste Co., 204 Pa. 618, Mr. Justice Mestrezat quotes with approval the following language from the opinion in Rummel v. Dilworth, 131 Pa. 509: "If the business is one with which he is not

familiar, he has a right to expect that its dangers will be pointed out to him, and that he will be instructed in those things necessary for him to know in order to his own safety. He cannot be held to assume the risk of dangers of the existence of which he has no knowledge. In the case of young persons, it is the duty of the employer to take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate and to which they should not be exposed." The conceded failure of the defendant to give to the plaintiff any instructions or to warn him of the dangers which, by reason of his youth or inexperience, or both, he might fail to properly appreciate, was therefore a breach of duty, an act of negligence, unless it could also be found that the obligation to instruct was suspended, because the plaintiff already possessed the necessary knowledge, or the risk he assumed was so patent that any ordinarily prudent person, even of his age and inexperience, would have detected and avoided it. Under the testimony of the plaintiff himself, and of his witness Smith, the learned trial court was obliged to leave to the jury the decision of the question whether or not the failure to instruct the plaintiff was a breach of duty by the defendant, and the verdict answers the question in the affirmative. Under the evidence, therefore, and the law applicable the negligence of the defendant is established.

Should the court have declared as matter of law that the plaintiff was guilty of contributory negligence? We have already seen there was evidence tending to prove that the plaintiff was young and inexperienced; that he did not have the benefit of any special instructions from his employer warning him of the danger of doing his work in the way he attempted to do it; that he did not, from his own observation or from other sources, possess the knowledge that enabled him to appreciate the risk he ran, and that the danger of the method he adopted was not so obvious, that a prudent person of even his years and limited knowledge, although not specially instructed, would have recognized and avoided it. How, then, could the court do otherwise than submit to the jury, under proper instructions, the question of contributory negligence? That this course was the only proper one we believe to be squarely decided in the case of Doyle v. Waste Co., 204

Pa. 618, upon a state of facts not to be distinguished from that now before us. " If the danger was obvious and apparent and Doyle had the capacity to comprehend and appreciate it, it would be negligence in him to assume the risk. The mere fact that he was a minor would not, under these circumstances, relieve him from the duty of protecting himself by the exercise of care. But whether the facts necessary to charge him with negligence exist, and whether with a due appreciation of these facts he acted in defiance of them, cannot be determined by the court as a matter of law, but are questions for the consideration of the jury. It may be observed in this connection that, conceding Doyle knew he would be injured by the contact of his hand with the cylinder, it does not necessarily follow that he knew his hand would come in contact with the cylinder when he attempted to remove the waste from the fan."

There was testimony, therefore, which, when accepted by the jury, warranted their findings that the defendant had been guilty of a breach of its legal duty in failing to instruct the plaintiff and that the latter was free from contributory negligence. All the material questions of fact were submitted in a charge which so carefully and thoroughly safeguarded every right of the defendant as to leave the latter no ground of complaint of the manner of the submission, as to which no error has been assigned.

Judgment affirmed.